IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Korell Battle a/k/a Korell Robert Floyd Battle,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SCDC, Robert Babb, and George Amonitti, individually and in their official capacities,<br><br>　　　　　　　　　Defendants. | Civil Action No.2:13-cv-01594-RMG-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

　　　　The instant matter was removed from the Greenville County Court of Common Pleas on June 11, 2013. (See Dkt. No. 1.) In their Notice of Removal, Defendants SCDC and Amonitti stated that removal was proper because "the Plaintiff has included an action against all three Defendants pursuant to 42 U.S.C. § 1983, a federal statute, which presents a federal question in this case." (Dkt. No. 1 at 2 of 2.) This matter is before the Court upon Plaintiff's Motion to Remand (Dkt. No. 14).

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

　　　　In his original Complaint, Plaintiff states that this action is a "tort action . . . for medical malpractice and is also a state 42-1983 civil action for damages . . . alleging deliberate indifference in violation of Article I Section 15 to the S.C. Constitution." (Dkt. No. 1-1 at 3 of 11.) Plaintiff purports to bring three causes of action in the instant lawsuit as well: two claims for medical malpractice against SCDC, and a claim for deliberate indifference "in violation of the . . . South Carolina Constitution" against Babb, Amonitti, and SCDC. (Dkt. No. 1-1 at 6 of 11.)

On June 17, 2013, Plaintiff filed a Motion to Remand. (Dkt. No. 14.) In that motion, Plaintiff contends that he only brought state causes of action against Defendants. (Id.) Plaintiff appears to be under the misconception that there is such a thing as a "state 42-1983" action (Id.) Plaintiff states,

> The 2 tort claims for medical malpractice are state tort claims for state court not federal court. The state constitutional claim is for state court not federal court.
> The 1 state constitutional claim, I thought had to be brought under state 42-1983 civil action. If I was wrong about this point then court can simply delete the words state 42-1983 from my preliminary statement.

(Id.)

At the same time Plaintiff filed his Motion to Remand (Dkt. No. 14), Plaintiff moved to amend his complaint. (Dkt. No. 15.) In this motion, Plaintiff states that "all three" of his claims "are state claims." (Dkt. No. 15.) Plaintiff further states that if he was wrong about "state 42-1983," "it was simple error" that could be "simply corrected by deleting" those words. (Id.)

On September 30, 2013, the undersigned issued an Order granting Plaintiff's Motion to Amend. (See Dkt. No. 39.) On or about October 21, 2013, Plaintiff filed an Amended Complaint. (See Dkt. No. 48.) In his Amended Complaint, Plaintiff states that he is bringing the following causes of action: medical malpractice, negligence, and gross negligence. (See Dkt. No. 48 at 4-5 of 5.)

It is clear from a reading of Plaintiff's Amended Complaint that he only asserts state law claims. Because Plaintiff's Amended Complaint states no federal cause of action, the undersigned recommends remanding this case to state court. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." In Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004), the Fourth Circuit upheld a district court's order

granting a plaintiff's motion to amend the complaint to remove federal issues and to remand the remaining claims to state court. The Fourth Circuit affirmed the district court's finding that the plaintiff acted in good faith because "[w]hile [the plaintiff] clearly wanted to avoid federal jurisdiction, she also had substantive reasons for amending the pleadings." Harless, 389 F.3d at 448.

In the instant case, the Plaintiff filed the Motion to Remand six days after it was removed. (See Dkt. No. 14.) Additionally, Plaintiff has maintained all along that he attempts –in the instant lawsuit–to bring only state law causes of action. Plaintiff's amendment merely clarified what Plaintiff has repeatedly stated: that the instant action raises claims only pursuant to state law. (See Dkt. No. 1; Dkt. No. 14; Dkt. No. 48.) Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand (Dkt. No. 14). See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); United States ex rel. Scott v. Metropolitan Health Corp., 375 F.Supp.2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); see also AJP Group, Inc. v. Holmes, Civ. A. No. 4:13-cv-00611, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Amended Complaint states no federal cause of action, the Court finds that the case should be remanded."); Morris v. Joe Gibson Automotive, Inc., Civ. A. No. 7:08-1739-HMH, 2008 WL 2705000 (D.S.C. July 9, 2008) (granting the plaintiff's motion to amend to remove the sole federal claim, and granting the plaintiff's motion to remand).

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Plaintiff's Motion to Remand (Dkt. No. 14) be GRANTED and that this action be REMANDED to the Court of Common Pleas for Greenville County, South Carolina.

IT IS SO RECOMMENDED.


                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

November 13, 2013
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).